Case number 22-5259. Michael R. Henry, appellant, v. Frank Kendall III, United States Secretary of the Air Force. Mr. Feldmayer for the appellant. Mr. Hinshelwood for the appellee. Good morning, counsel. Hi, good morning, Judges Millett, Katsas, and Walker. And may it please the court, I'm Robert Feldmayer. I represent the appellant, Michael Henry. Mr. Henry and his father are observing today's hearing. Why did your brief use E.W.'s full name? Because there's no rule in this court that prohibits me from doing so, Your Honor. How often have you represented clients in this court with a final judgment against them, you're doing a collateral attack on a sex crime? Twice, Your Honor. I thought it was three times. Were you not? Three times, you're right, Your Honor, three times. The third hasn't come up. Which one did you forget? Forbes is still pending here, Your Honor. Did you use the full name of all four women in Forbes? Yes, Your Honor. And as I recall in Forbes, it was just in the fact section. There was no reason. It's not like your legal argument, the discussion needed to refer back to specific women. You just deliberately chose to list them in the fact section, correct? Yes, Your Honor. There's no rule in this court. Which this court issued an order telling you to redact the names of minor victims and minor witnesses, correct? Yes, Your Honor. Why did you use their names? It was an error on my part. And after we corrected that error in December of 2023, you then later filed the Forbes brief, correct? That's the chronology. Yes, Your Honor, but the Forbes victims are all adults. Noted. Yes, Your Honor. Your Honor, the convening authority who issued an order pursuant to Article 76, Uniform Code of Military Justice, issued an order that did not have res judicata effect because the review that occurred for the Air Force Court of Criminal Appeals did not comply with Article 66, Uniform Code of Military Justice. Which is the remedy you're seeking? Your Honor, either that this court ordered the Secretary of the Air Force to return the record of trial of the Air Force Court of Criminal Appeals for a proper Article 66c review, or that it find that the order being without res judicata effect means that the judgment of the court martial which tried my client is void. Where did you ask for finding that this was void in your petition? Both in the district court and in the reply. In the petition, show me what page you asked for finding that this was void. In the petition below, Your Honor? The petition you filed in the district court, yes. Yes, Your Honor. One moment. Who would be at? What I read on page three is order respondents revoke the orders and return the record of trial to the JAG for the Air Force with directions before the trial Air Force to do the right review. Yes, Your Honor. I believe I did ask in reply, though, for any relief as may be appropriate.  I believe I asked that. I believe I asked for that in the reply below. In your reply brief? Yes, Your Honor. Okay, but it's not in the petition that you file in district court? No, Your Honor. Your only form of relief is to for us to send this back to the Air Force, get it back to the Air Force Court of Appeals for them to do a do-over. Yes, Your Honor. The Air Force Court of Criminal Appeals did not conduct a valid Article C-60 review because it never conducted. We do not have jurisdiction to conduct direct review of the military courts of appeals. No form of direct review is available here. Remand to do it again sounds like direct review. No, Your Honor. We're not asking for this court to conduct its own Article 66 review or to even find— You're asking us to look at what the government did, say, that was not sufficient, go back and do it again. That's what you want us to do? Yes, Your Honor, because— What other case have we ever provided that type of review, as opposed to in conjunction with some other proceeding determining that a judgment was void in the context of another proceeding over which we have jurisdiction, such as a motion to change discharge, motion for back pay, things like that. Your Honor, you do have jurisdiction to conduct a— In what case— What is your best case that we have the authority to look and say, Court of Criminal Appeals for the Air Force, you did not do your job properly. We're sending it back. Do it again. Sanford says that this court can correct errors of a fundamental nature. The failure to conduct Article 66C review is— Were they arguing to have the decision voided in that case? They were, Your Honor. They were arguing that— You haven't asked us to rule that it's void. Well, I mean, I think that asking for a lesser form of relief certainly is included within asking to find that it's void. Void is a form of collateral relief that does not send any— We don't send any work back to the other court. We just say, for purposes of our federal court, whatever claim is before us, it's void. We won't treat it as res judicata. But you have asked for something very different here that I haven't seen in any case, and that is, don't tell us what the final answer is. Send it back to the Court of Appeals to have a do-over under a de novo standard. Your Honor, in the alternative, as I did raise in my reply brief here— You can't raise things for the first time in a reply brief. Well, Your Honor, I mean, I've raised the fact that this was void and that the order— Is that the relief you sought? It's not the relief I sought, however, Your Honor. Given that this court may collaterally review the order issued by— If that order was void, then this court may provide relief. We may collaterally review it to find that something— If someone has asked us to determine it's void, in the words of the Supreme Court, in a case in which we otherwise have jurisdiction. Okay? That's what the Supreme Court has held. That's what our cases have done. You're not asking for that. And so, what you're asking us to do is send it back to the Court of Appeals to have a do-over, like we might to an agency sometime. But I don't understand if we can't do that, because the Supreme Court and our court have been crystal clear. There's no direct review here. And if you're functionally asking for direct review, that's a form of redress we can't provide. Your Honor, if this court should find that it can't provide the redress for which we've asked, this court should remand for correction of the original complaint, simply because this matter— We're going to remand for you to file a new complaint? This matter was not litigated— It's a petition. It's not even a complaint. We're going to remand for a new petition? This matter was not litigated below, Your Honor. Whether or not the relief sought was the relief that could be provided. So, on that basis— Jurisdiction we have to address on our own all the time. That gets raised for the first time all the time. We have to address that. Either we may not have jurisdiction straight up, or your client may not have standing, because we can't provide the redress that your client seeks. We can't send it back for a do-over. That's direct review, which we don't have jurisdiction to do. Well, Your Honor, if the error itself is jurisdictional, the error is never waived. We're doing two different types of— I'm talking about Article III court subject matter jurisdiction at this point. Yes, Your Honor. Yes, Your Honor. But if the error from the military courts is jurisdictional, that error is never waived, can never be waived.  So, it would be— It's a separate question of whether we have jurisdiction, Article III jurisdiction or subject matter jurisdiction. You have 1331 subject matter jurisdiction to determine whether or not the— Then if we can't provide the redress requested, he doesn't have standing, and so we lack jurisdiction. No, Your Honor, because you have subject matter jurisdiction, such as recast— Separate from standing. My client has standing because he's— Standing requires that you have injury and causation, which he certainly alleges, and that the court can provide redress. And if we can't provide redress as a matter of law, you don't have standing. And if we can't provide the redress sought, and if the redress sought is a remand— My client has requested— I think that the court is placing— that Your Honor may be placing a great deal of emphasis on the form of the pleading. This court has jurisdiction to provide relief in some form, and— You file petitions here, whether you want to call it quorum nobis or mandamus, and you tell us what it is you want. I'm just not aware of any other case where we've done this remand that you're asking for. I'm sorry, answer first, and then I'll follow up. I'm sorry, Your Honor, what was the question? I'm not sure of what case we've— Someone has come and solely asked for a remand for the Armed Forces Court of Appeals to do the case over. Well, it wouldn't be the Armed Forces Court of Appeals, Your Honor. I'm sorry, for the Court of Criminal Appeals of the Air Force. It's a long name. Yes, Your Honor. Air Force Court of Appeals to have a do-over. Your Honor, the case law of this quarter of all the Article III courts, as of the type of remedy that you provide on finding collateral— on finding a defect on collateral view is extremely sparse. So I can't point to any case simply because there's almost none discussing the remedy at all. You're not aware of any in other circuits where this has happened? No, Your Honor. Can I ask it this way, which is, what's your cause of action? What's my cause of action? Yeah, to go to district court. That there is a jurisdictional defect in the execution of the bad conduct discharge in this case, Your Honor. I mean, it's not habeas. Well, because he's no longer in custody. It's not really quorum nobis, which is usually filed in the court that made the alleged error. I mean, it's 1331. It's a federal subject matter jurisdiction. Subject matter jurisdiction. Yes, Your Honor. I can't give you a cause of action. Can you name a cause of action that applies here? What statute allows you to bring this lawsuit? 1331, Your Honor. I mean, in Larrabee v. Toro, this court entertained a collateral attack pursuant to 1331. They were not asking for the redress you're asking for? I mean, they were asking that the proceeding where a retiree was court-martialed be found unconstitutional, that the proceeding be avoided. Exactly. And you haven't asked for that. Yes, Your Honor. I see that I'm over time. I'll pending the questions of the court. Suppose you get over this set of hurdles. You still need to show that the error you've alleged in the military process has deprived either the court or perhaps the discharging authority of jurisdiction. You're arguing about whether a plenary standard of appellate review the first time around combined with a second look at sufficiency through the lens of law of the case the second time around is a sufficiently probing standard of review for the facts. That doesn't seem like jurisdictional error. Well, because Article 76 says that the review must be as required by this chapter. In other words, as required by the Uniform Code of Military Justice. The Uniform Code of Military Justice requires that the review be, in Article 66C's language, based on the entire record. I mean, on that theory, any legal error in the military trial will be jurisdiction. No, Your Honor. Can't be right. No, Your Honor. That's not my position at all. It's that failure to comply with this type, provide the review required, which is the same essentially as providing not the statutory review, prevents the execution of an Article 76 order finalizing a discharge. Pending the questions of the court. Thank you very much. We'll give you a couple minutes for rebuttal. Mr. Hinshelwood? Good morning, Your Honor. Samia Bleas, the court. Brett Hinshelwood for the government. I think the court has already put its finger on one of the most important issues here, which is that a request for direct review of a court martial conviction is not something a district court has jurisdiction over. Does this point go to subject matter jurisdiction or cause of action? It goes to subject matter jurisdiction, Your Honor. Why is that? 1331. They are making a contention that 866 requires a second plenary sufficiency review, and it may be wrong. It may not be jurisdictional, but it is a federal question. Your Honor, 1331 confers on district courts original jurisdiction, not appellate jurisdiction, and so the fundamental distinction here is that what Mr. Henry is seeking is by seeking essentially appellate review, further appellate review of his court martial conviction, he's not invoking original jurisdiction. I mean, district court, that's like the district court's original jurisdiction to review agency action in a standard APA case. But there you have a new judicial proceeding that's taking place. I mean, the fundamental distinction between appellate and original jurisdiction is that appellate jurisdiction revises and corrects the proceedings in a cause already instituted. An original action in district court to review an agency adjudication through the APA. But it's certainly not reviewing the decision of an entirely separate court system established under a separate constitutional provision. So I don't think there's any basis to compare those two. And in fact, if you, you know, courts martial are excluded from the APA. It's more like a state court than like that. Exactly, Your Honor. If someone came in and asked you to remand a case to the Virginia Court of Appeals, I think you would say, well, a district court simply doesn't have jurisdiction to engage in that kind of inquiry. And, Your Honor, I think-  It's akin to the Rooker-Feldman doctrine, Your Honor. I mean, I think councilman itself talks about- That's not a jurisdictional doctrine. Yes, it is, Your Honor. Yes. I thought it was an equitable doctrine. No, I mean, Rooker-Feldman is a jurisdictional doctrine. And I think it's a similar concept that the councilman is recognizing in the context of military courts where it says, look, Article III courts cannot directly review the decisions of and that is, you know, they lack jurisdiction to do that. Congress has not conferred that jurisdiction. There, Your Honor, the individual was a service member who was subject to a court martial, an ongoing court martial, and he brought- It wasn't in custody. It hadn't started yet.  So he brought an injunctive suit against a federal officer to block his court martial from going forward. And 1331 does confer equity jurisdiction on the district courts to entertain suits that a federal officer is- It's the cause of action. Well, it was a bill in equity to an injunctive suit against a federal officer to block, you know, unconstitutional action. Ex parte Young. Exactly, Your Honor. Yes, so- Ex parte Young action to block unconstitutional- Maybe they say it is. It's happened so far. No, Your Honor. And I mean, as- Permissible action? No, Your Honor. And as we've discussed, I mean, the specific request for relief in the petition here is for a remand to the Air Force Court of Criminal Appeals. I mean, it's exactly the kind of direct review courts can't, you know, federal district courts are not empowered to engage in with respect to courts martial. And more generally, Your Honor, I mean, I think, to be clear, I think that is sufficient to resolve this particular case. I would say, you know, more generally, and, you know, this is an issue that I think has been recurring in some other cases, and this is a matter that, you know, what Councilman makes clear is that there is not some freestanding sort of jurisdiction to entertain, like, asking to review a court martial judgment or just say that it's void. What you need to have is some other suit within the court's jurisdiction, whether it's a back pay suit or a habeas suit. Or in the past, this court has entertained suits seeking review of decisions of military records correction boards, challenging their decisions on the basis that a court martial decision, a court martial judgment was announced. And you want to do that for young constitutional claims and that? I think, certainly, Councilman recognizes that in some circumstances, 1331 can confer jurisdiction over those types of suits. Again, I was just trying, because Councilman says a suit otherwise within our jurisdiction and the only thing was a constitutional claim there. But I just wasn't clear. But you're talking now about not the jurisdiction, but it has to come as the review for voidness or not has to come as part of a separate cause of action. That's what the rationale of that. But I don't see what the separate cause of action is, unless we're buying the ex parte young approach in Councilman. I'm certainly not disputing that Councilman says 1331 confers jurisdiction over the suit against the officer in that case. And I absolutely agree with that. My point is that when Councilman talks about because there's a cause of action, is that the argument? Those are separate questions. There, it recognizes that 1331 confers jurisdiction over suits in law and equity. Obviously, now the language has changed, but it's not substantively different. So the equity jurisdiction of the courts, which included these sorts of injunctive suits, I don't think the phrase cause of action quite fits the equity context as well. But the point is, 1331 certainly confers the equity jurisdiction that courts have always exercised. And so to the extent you're seeking that type of relief, there are abstention principles, obviously, as Councilman makes clear, but there's jurisdiction. But the other suits that Councilman recognizes is the types of claims in which you can obtain collateral review. Because remember, collateral review has to seek some kind of collateral relief. You can't be seeking to act on the judgment. So simply coming in and asking, I want you to say in the abstract that my conviction is void is not something, in our view, that Councilman says you can do. Instead, what Councilman recognizes is there are circumstances where a court can deprive a court martial judgment of race judicata effect. Back pay suits are the classic example. Habeas petitions are the classic example. And I mentioned these sorts of review of administrative decisions as another place where this court has recognized that that kind of review can take place. But so, again, I think- Do those administrative decisions have their own statutory schemes authorizing federal court review? No. This court has held that review of board for correction of military records decisions. Again, this isn't brief gear. And I want to be clear, we're happy to submit supplemental briefing on any of this. We certainly wouldn't want the court to be opining on the scope of its 1331 jurisdiction. Without further briefing, I think there are some cases in the past in this court where it has made statements about 1331 without receiving briefing and not in uncontested cases that we think we'd want to- We certainly wouldn't want the court to make further statements about that without receiving briefing. But just to answer your question specifically, in those military records correction cases, this court has said 1331 is the source of jurisdiction. And those are actions brought under the APA to challenge the decisions of those boards. I mean, those are reviewable final agency actions from the boards. But the boards themselves under the statute, under 1552F, lack authority to void court martial convictions. And what they can do is they can upgrade a discharge. And so there's- Sometimes people will come in and say, you should upgrade my discharge because my court invalid. There'll be an administrative decision about that. And then there's a review of that in this court. But what there isn't, in our view, is jurisdiction to sort of come in and say, hey, like, please just wipe out this judgment. Just say it, you know, have it expunged, have it eliminated, have something- You can't do the APA type set aside. No, Your Honor. And in part because the APA itself excludes courts martial. No, no, I know. But that's what you're saying is out of bounds. We can't set aside. Right. Or engage in the kind of review that you would engage in over the district court, right? Where you get a judgment and you say, this judgment's no good. I'm going to, you know, I'm going to send it back or I'm going to order it reversed or what have you. If that's our holding, what implication does that have for Bergdahl? Your Honor, again, I want to be very clear. We're not asking you to decide that here. I'm simply explaining our view and why we would urge you not to make broader statements about 1331. Again, I think you can just decide in this case, the particular request he has made, which is expressly for a remand, you know, to the military courts for further proceedings. It's not something this court, the district court had the power to give and something that is outside the district court's jurisdiction. I want to come to that question, but I, sorry, I don't want to interrupt you. And, but, you know, I do think, you know, in Bergdahl, we have raised similar issues to this court in the context of opposing a motion for summary affirmance there. I expect, you know, I hope and expect we'll have the opportunity to brief those questions in that case. And we're certainly not asking you to, to, you know, predetermine any aspect of that case, but I certainly would not want the court in this posture, you know, without briefing to be making assertions about the scope of its authority and scope of the district court's jurisdiction, you know, at a minimum without briefing. If we lack subject matter jurisdiction, we have to say that, stop there. Well, Your Honor, I mean, this court's precedent allows it to bypass questions of statutory subject matter jurisdiction. So, you know, we pointed out in our letter. Understanding subject matter jurisdiction. Earlier, there was a discussion about whether. Oh, right. The redressability issue, right. Yeah, I mean, certainly if you view it as a redressability problem, then right, that would not be something the court could bypass in that circumstance. I thought your letter said, oh, we could go ahead and decide this case. Well, certainly it just is a matter of statute. Thinking about it purely as a matter of statutory subject matter jurisdiction, this court's precedent does allow you to bypass those questions and rule on the merits. Just statutory subject matter jurisdiction, if we're talking about direct review of military courts, or is there not a separation of powers concern? Well, Your Honor, I do think that the absence of jurisdiction is a reflection of the fact that Congress has set up a separate court system subject to separate procedures with its own review system and has set up that court system under a separate grant of constitutional authority to do so. Congress presumably could meld the military and civilian systems in some way in the military commission's context at Guantanamo. It has, in fact, done that, where it has provided that the military commissions preside. There's a military sort of court of appeals, and then review comes to this court before going to the Supreme Court. I get you. So my point is simply that, at least as a matter of statutory jurisdiction, the fact that there's no statute that confers jurisdiction here, 1331 does not, no other statute does, you know, we think is a matter of statutory subject matter jurisdiction, but that doesn't mean it's, I don't know, I'm certainly not suggesting it would be unconstitutional for Congress to confer some jurisdiction in that context. The 28J letter says this court may affirm on the merits. So I guess after today's discussion, I'm wondering if that's still DOJ's position. Your Honor, I had not thought of it in redressability terms. The point we were making there in the case we're citing there is just one that addresses statutory subject matter jurisdiction questions rather than sort of redressability issues. To the extent you think of it as a redressability issue, then I certainly don't dispute that that would not be. Maybe all this is suggesting that we would all involved here would benefit from supplemental briefing. But if DOJ doesn't yet have a position on this, it's not your fault. And I'm not blaming you, but does DOJ stand by the statement in the 28J? As of now, does DOJ stand by the letter in the 28J statement? This court may affirm on the merits. Let me answer that question this way, and I'm sorry if it's not totally satisfying, and I'm happy to brief it. But certainly, as a matter of statutory subject matter jurisdiction, this court's precedent allows you to bypass the question. If you're viewing it as a matter of standing, then obviously you couldn't bypass it as a subject matter, and I'd be happy to address that particular issue in further briefing. And again, Your Honor, I mean, just to be clear, if you're going to stick solely to the point that this type of relief, there's no jurisdiction to entertain this type of suit seeking this type of relief, that you could decide, I think, as an alternative jurisdictional ground without getting to the standing issue. You could simply say a suit that seeks direct review of a court martial conviction and remand to the military courts is not one within the district court's jurisdiction. Those are alternative bases to deny. Is that waiverable? Can we raise that, Suez-Monte? Because it sure wasn't in the past. I apologize. We're not raising this issue sooner, Your Honor. And I mean, you can. I mean, it's a matter of jurisdiction. This court can raise that and entertain it for the first time at this stage of the case. So yes, you absolutely can reach that question now. But if it's statutory subject matter jurisdiction, we must raise it. Right? Your Honor, I mean, this court's precedents have said, including as recently as a few months ago in a case called Abdul Latif, that it can bypass questions of statutory subject matter jurisdiction. I know that you have written things suggesting you disagree with that premise. There are a lot of cases going both ways on that point. Suppose I'm not persuaded with that point. Is the only option at that point to order a briefing? Well, no. I think you could still—you could—I certainly don't want to discourage the court from ordering further briefing. I'm perfectly happy to do that. Your only theory for avoiding the Steelco problem is that, A, this is a question of statutory jurisdiction rather than Article III redressability. And, B, we can skip over statutory jurisdiction questions for Steelco purposes. Correct. But I do think what you could—I think you have the option among—to choose among non-merits grounds, jurisdictional grounds for resolving the case. You could determine just to stick solely to the allegations in this particular petition and recognize that the particular relief sought here is not something that's within the district court's original jurisdiction and, therefore, this type of action was not within its jurisdiction. I think you could say that. Again, I'm more than happy to brief in greater detail. I thought I heard you say in the argument you are wary of us getting into that. I'm certainly wary of you going beyond that narrow statement. I mean, again, my colleague— What's the narrow statement that you would be comfortable with us asserting to resolve this case and not prejudge other cases rashly? I think if this court were to say the petition here seeks an order remanding this case, essentially, to the Air Force Court of Criminal Appeals, that sort of appellate review of military convictions is not within the scope of a district court's jurisdiction. That alone would resolve this case. I do think that, more generally, even an action—I think there were some—while my colleague was at the podium, there was some discussion of cases like Sanford or New or Larrabee where this court has sometimes made statements about 1331 without describing exactly what the nature of the suit was, exactly what the nature of the action was, and, frankly, didn't have a dispute in front of it about whether those types of suits could go forward. Those are the things I'm more, frankly, concerned about. And, Your Honor, I mean, look, I certainly think—I want to be crystal clear, and I think I've said this more than happy to brief—whether you want to take the narrow route or the broader route of sort of addressing this issue more generally, you know, we'd be more than happy to submit briefing so the court can help decide exactly how much it wants to bite off in this particular case. What is wrong with standing, which is Article III, which we do have to raise, which we do have to decide? What is wrong with addressability? Yeah, Your Honor, I don't have anything that I think is wrong with it off the top of my head. Is it right? I want to think about it a little bit more. Certainly sounds plausible to me, and, you know, in my job, I'm rarely resistant to the argument that, you know, there's no standing. But, you know, I just want to—I hesitate to commit right here today. Because the government is usually all over these types of issues, and it's all coming up very late. I'm aware, and I'm sorry we raised this so late. I mean, it's an issue, obviously, that I think is— I appreciate it being raised, that you did your duty, but the letter was confusing. I apologize for that, Your Honor. We tried to stick to the 350 words, even though we weren't entirely sure whether that was quite what we were supposed to do. But, again, I'm happy, to the extent this Court wants supplemental briefing on any or all these questions, I'd be more than happy to provide it. And it sounds like, you know, there'd be some value to the Court if we were to provide that. Any other questions? Thank you very much. Thank you, Your Honor. Okay, Mr. Feldmayer, I'll give you two minutes. Thank you, Your Honor. I just wanted to very briefly address the question that Judge Katz has brought up concerning whether or not this defect was of fundamental nature. In Sanford, this Court held that the fact that Article 66 review exists in the plenary de novo awesome form that Congress intended, is that review is what permits procedures that otherwise would not be permissible under the Due Process Clause to exist. It's part of the balance, the due process balance, that Congress struck in enacting the Uniform Code of Military Justice. And while in Sanford, that Court was considering whether a three-member special court-martial, which wouldn't pass muster in the civilian system, was consistent with due process aims, and here we're considering the actual Article 66 review itself, I would simply point out to the Court that the review that Congress affords under Article 66C is what justifies court-martial proceedings that otherwise would not pass due process. The fact that there is this robust plenary de novo review, that is what permits non-unanimous panel findings. That is what permits a veneer that is not of random selection. That's what permits no grand juries. So I simply would point out to shift back to an issue that was briefed, that this review is fundamental, and not having this review is a fundamental defect that does invoke this Court's collateral review. I see that I have 20 seconds, and I just wanted to pause to ask if any member of the Court is... We order supplemental briefing. You'll have a choice to make on whether to use EW's full name. What would be benefited by using the full name? Your Honor, as this Court has expressed a desire that I not do it, I won't. I mean, I can't speak for the Court, but I like that answer. Yes, Your Honor. Any further questions of the Court? All right. Thank you very much. The case is dismissed.
judges: Millett; Katsas; Walker